HORTON, Judge.
This appeal is from an order and final judgment sustaining a motion to dismiss the second amended complaint of the appellants. The appellants sued the owner-appellee for injuries sustained by the appellant, Bessie Baum, on premises leased to the appellant-husband. She alleges a dangerous condition was created by the ap-pellee’s failure to provide a rug that would not slip on terrazzo floor and that such condition was or should have been known to the appellee. The appellant, Bessie Baum, claims to be an invitee of the appellant-husband who was appellee’s tenant. The second amended complaint alleges that the appellant-husband had leased an apartment from the appellee-landlord and had been in possession of the leased premises for about three months prior to the time that the appellant-wife sustained her injuries; that appellant-wife had no opportunity to, nor did she, inspect the premises for the reason that at the time of the leasing by the appellant-husband she was confined to a hospital.
 The attempt to fix liability under the charge in the second amended complaint, although novel, nevertheless places the appellant-wife upon the horns of a legal dilemma. As an invitee of the tenant-husband, who had occupied the premises for some three months before the injury, the primary duty, if any, to warn of latent or dangerous conditions or defects was upon the tenant-husband, who was in control of the premises. The appellant-wife, however, has elected to proceed against the landlord and to charge her with the duty owed an invitee. Appellant-wife does not claim to be an invitee of the landlord; therefore as to the landlord she was a mere licensee of that portion of the premises under the control of the landlord. However, her injuries were not sustained upon premises under the control of the landlord.
It cannot be strenuously argued with any great degree of candor that the landlord owes the same duty as the tenant to the tenant’s invitee. To state the proposition is sufficient to demonstrate its fallacies. Assuming arguendo that the appel-lee owed a duty to the appellant-wife to warn her of the dangerous condition created by the rug on the terrazzo floor, it nevertheless has not been alleged or shown that such condition was unknown to or could not have been discovered by the tenant-husband. Butler v. Maney, 146 Fla. 33, 200 So. 226. Assuming, as we must, the truth of the allegations of the complaint, the appellant-wife would appear to come within the general rule set out in 32 Am. Jur., Landlord and Tenant, Sec. 818:
“ * * * At common law, a tenant in full and complete control of premises which he occupies owes the same duty to persons coming there in the course of business or upon his invitation express or implied to keep such premises in a reasonably safe condition as he would if he were the owner, and is prima facie liable for damages proximately caused by defects in or dangers on the premises that reasonably could have been avoided by appropriate care taken by him, irrespective of whose duty it was, as between landlord and tenant, to make such repairs. Such invitees when seeking redress for injuries sustained by them by reason of defects in the premises must seek such redress from the tenant and not from the landlord, in the absence, at least, of any statutory provision making the landlord liable.” [Emphasis supplied.]
This rule has been adopted in Florida as evidenced by the language of the Court in King v. Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659, 660:
*656 “At common law the tenant and occupier of premises is bound, as between himself and the public, to keep the premises in such condition that they will be reasonably safe for persons who go lawfully upon the premises by express or implied invitation; and such tenant or occupier is prima facie liable for damages caused by defects in or dangers on the premises that reasonably could have been avoided by appropriate care taken by the tenant or occupier. This is the law even though the lessor covenanted to keep the premises in repair.
“The liability of the lessee is grounded upon his duty in being the occupant to keep the premises in reasonably safe condition for those who go thereon by express or implied invitation. See 1 Thompson on Neg. § 1154 et seq.; Keeler v. Lederer Realty Corp., 26 R.I. 524, 59 A. 855; Hussey v. Ryan, 64 Md. 426, 2 A. 729, 54 Am.Rep. 772; Abbott v. Jackson, 84 Me. 449, 24 A. 900; 24 Cyc. 1125.
“The common-law rule of liability of lessees, who have control or occupancy of premises, for injuries caused by the defective or dangerous condition of the premises where such defective or dangerous condition reasonably should have been known to and remedied by the occupying tenant is in force in this state.”
The appellant-wife strenuously argues that the doctrine of caveat emptor does not apply to her since she had no opportunity to inspect the premises. However, the appellant-husband apparently had such opportunity for he occupied the premises for some three months before the appellant-wife returned from the hospital. Obviously the doctrine of caveat emptor would apply to the appellant-husband and being so, the duty, if any, to warn invitees of the dangerous condition or to remedy such condition was upon the appellant-husband.
Accordingly, the order and final judgment appealed should be and it is hereby affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.