Memorandum. Judgment unanimously reversed, with $10 costs to defendant, and new trial ordered.
In our opinion, it was error to refuse to admit into evidence the printed copy of Consolidated Edison’s rate schedule, although uncertified, which showed “ a public service commission- * * * number of this state and an effective date ” (CPLR 4540, subd. ¡[d]). Said copy is prima facie evidence of the filed original tariff or classification and, pursuant thereto, defendant is not liable for the interruption of its supply of service arising from the ordinary negligence of' its employees, servants or agents. The Public Service Commission has approved this limited exemption from liability, in the valid exercise of its powers (Public Service Law, § 66, subds. 5, 12; See Matter of Leitner v. New York Tel. Co., 277 N. Y. 180). There is no attempt to absolve Consolidated Edison from liability for its gross negligence. Moreover, since the scope of the exemption is limited to those acts which disrupt the regular supply of service, it does not violate public policy .(Hamilton Employment Service v. New York Tel. Co., 253 N. Y. 468) and is lawful (Public Service Law, § 65, subd. 5).
Under the circumstances, .there should be a new trial.
Concur — Groat, P. J., Margett and Rinaldi, JJ.