Memorandum. Judgment unanimously reversed, without costs, and complaint dismissed.
Since plaintiff failed to prove that defendant was negligent in arriving at an intentional determination to reduce voltage in plaintiff’s area, he failed to establish defendant’s liability in either contract or tort. The Public Service Commission, in defendant’s rate schedule, has approved a limited exemption from liability for ordinary negligence, in the valid exercise of its powers, and since it has not attempted to absolve defendant from gross negligence, such rule is lawful, and not violative of public policy (Newman v. Consolidated Edison Co., 79 Misc 2d 153 [App. Term, 2d Dept.]; “ Wazalen ” v. Consolidated Edison Co., N. Y. L. J., June 13, 1973, p. 20, col. 3, App. Term, 2d Dept., affd. 43 A D 2d 985).
Hogan, P. J., and Gagliardi, J., concur;
Pittoni, J., concurs, in the following memorandum:
I concur with the majority in voting for reversal on the grounds that they have stated, but I add that even though defendant company reduced its power between 3% and 5%, the evidence failed to show that such reduction was a proximate cause of the damages claimed by plaintiff.