■ LONG ISLAND CENTRAL STATION, INC., Respondent, v NEW YORK TELEPHONE COMPANY, Appellant.—In an action *inter alia* to recover damages arising from the alleged gross negligence of a public utility, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered July 29, 1975, which, after a jury trial, is in favor of plaintiff and against it. The appeal brings up for review an order of the same court, dated May 21, 1975, which denied defendant's motion to set aside the verdict. Judgment and order reversed, on the law and the facts, with costs, motion granted, and complaint dismissed. In 1971 plaintiff solicited customers and established a central office system to provide them with burglar alarm protection. In order to operate the system, it was required to, and did, lease telephone lines from defendant. Over a period of about 19 months, plaintiff experienced numerous breakdowns in the lines. The breakdowns varied in duration from a minute to hours, during which time the alarm system for some of its customers was unable to function. A complaint to the Public Service Commission resulted in an inspection and a report, dated April 12, 1973, which concluded that "the subscriber was receiving somewhat less than satisfactory service". At the trial, plaintiff's president testified that the breakdowns continued thereafter and that their volume eventually resulted in the discontinuance of the business in March or April, 1974, with a resultant substantial monetary loss. The law is clear that the Public Service Commission has primary administrative jurisdiction over a telephone company's service and that the utility's liability to its customers arises only from gross negligence or willful misconduct *(Hamilton Employment Serv. v New York Tel. Co.,* 253 NY 468). At the trial, the court properly charged the jury that gross negligence implies wanton and reckless conduct, the lack of even scant care, or an intentional failure to perform a duty. On the evidence

adduced at this trial, we cannot say that the series of breakdowns testified to constituted proof of ordinary negligence, much less gross negligence, particularly where plaintiff's president conceded that he could not always tell whether an "open" condition of a line was caused by the telephone company, or by vandals, or by some other malfunction caused by plaintiff's customers. Testimony was also adduced, and was unchallenged, that the telephone company corrected each break promptly, even when alerted to it during the night. Under these circumstances, a finding of gross negligence as defined by the court was clearly unsupported by the evidence. The assertion of damages due to loss of business was equally questionable, for, notwithstanding the eventual failure of the business, its president conceded that its operational break-even point had never been reached during its existence and that it constantly operated at a loss. Thus, a causal connection between the alleged gross negligence of defendant and the plaintiff's claimed damages was never demonstrated. Under the circumstances presented herein, the complaint should be dismissed (see *Howells v Hettrick,* 160 NY 308, 311). Gulotta, P. J., Martuscello, Latham, Cohalan and Rabin, JJ., concur.