OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed, on the law, fine remitted and information dismissed.
Defendant appeals from a judgment of conviction entered *360 upon his plea of guilty to speeding in violation of section 1180 of the Vehicle and Traffic Law.
Upon receipt of his uniform traffic ticket, defendant originally entered a plea of not guilty by signing the ticket and mailing it to the court (see Vehicle and Traffic Law, § 1806). After the lapse of more than 30 days, his case was assigned a trial date, and an unsuccessful application was thereupon made by him in writing to the court clerk for a supporting deposition. Defendant subsequently brought a written motion, upon notice to the People, to dismiss the simplified information for failure to comply with his demand (see CPL 100.40, subd 2; People v Key, 87 Misc 2d 262, 266, affd 45 NY2d 111). The court below, in denying the motion to dismiss, held that defendant’s application had been untimely, since more than 30 days had elapsed from the date of his original plea of not guilty (see CPL 100.25, subd 2). Defendant thereafter sought and obtained leave to change his plea. It is undisputed that defendant was never informed he had a right to a supporting deposition. It further appears the ticket received by him contained various statements and warnings relating to the plea process (see CPL 170.10, subds 3, 4, pars [a], [b]; subd 5) but was not indorsed with a statement informing him of a right to a supporting deposition (see CPL 170.10, subd 4, par [c]; subd 5).
We respectfully disagree with the determination of the court below in reference to its denial of the motion to dismiss. While it is true that, pursuant to CPL 100.25 (subd 2), a defendant desirous of a supporting deposition must apply for one within 30 days of his plea of not guilty or before commencement of trial (whichever occurs first), it is also clear that the statute contemplates the defendant will be informed as to his right to a supporting deposition either by the court (CPL 170.10, subd 4, par [c]) or by a printed statement upon the summons or appearance ticket (CPL 170.10, subd 5). Although the Legislature, when enacting the plea-by-mail provision (Vehicle and Traffic Law, § 1806), did not expressly provide that a defendant availing himself of this procedure could, as a matter or right, apply for a supporting deposition, it is unreasonable, in view of CPL 170.10 (subd 5) to infer it intended to treat such a defendant less favorably than the defendant appearing in person for arraignment.
In light of the foregoing, it is our view that a defendant charged with an offense contained in a simplified information, *361 has the right, following the entry of a not guilty plea by mail pursuant to section 1806 of the Vehicle and Traffic Law to a supporting deposition, and that his time to apply for said deposition under CPL 100.25 (subd 2) does not commence running until he has been duly informed of that right (see CPL 170.10, subd 4, par [c]; subd 5).
Concur: Farley, P. J., and Glickman, J.; Silberman, J., taking no part.