OPINION OF THE COURT

Per Curiam.

Judgment entered June 1, 1978 (Mybiam J. Altman, J.) reversed, without costs, and complaint dismissed, without costs.
This is a small claims action brought by a customer of Consolidated Edison Company for property damage sustained as a result of the summer blackout of July 13 to 14, 1977. At trial, plaintiff did not introduce any evidence on the liability aspect of the case, and defendant rested on the limitation of liability provision contained in its rate schedule filed with the Public Service Commission. That provision provides as follows: "Continuity of supply: The company will endeavor at all times to provide a regular and uninterrupted supply of service, but in case the supply of service shall be interrupted or irregular or defective or fail from causes beyond its control or through ordinary negligence of employees, servants, or agents the company will not be liable therefor”. The trial court concluded that this provision, which essentially exempts Edison from liability for ordinary negligence and renders it liable for gross negligence only, was contrary to public policy and unenforceable. The court cast the utility in damages for ordinary negligence under the doctrine of res ipsa loquitur, as well as on the basis of its own independent findings of negligence after having taken judicial notice of various investigative reports on the blackout.
As a public utility, defendant is requested by the Public Service Commission, and is required to file with the commission a schedule showing all rates and charges made and all rules and regulations relating to rates (Public Service Law, § 65, subd 5; § 66, subd 12). Limitation of liability provisions are an inherent part of the rate-making process (Western Union Tel. Co. v Esteve Bros. & Co., 256 US 566, 571). "A broadened liability exposure must inevitably raise the costs, and thereby the rates, of [electricity] service” (Abraham v New York Tel. Co., 85 Misc 2d 677, 681). Once accepted by the commission, the tariff schedule (including the limitation of liability provision) takes on the force and effect of law and *306 governs every aspect of the utility’s rates and practices; neither party can depart from the measure of compensation or standard of liability contained therein (Public Service Law, § 66, subd 12).
We do not find the exculpatory clause in question to be violative of public policy. In fact, similar provisions have been repeatedly sustained by the appellate courts of this State as reasonable limitations on the liability of a public service corporation, so long as the company has not attempted to absolve itself from its own willful misconduct or gross negligence (Weld v Postal Telegraph-Cable Co., 199 NY 88; Hamilton Employment Serv. v New York Tel. Co., 253 NY 468; Long Is. Cent. Sta. v New York Tel. Co., 54 AD2d 893; Newman v Consolidated Edison Co., 79 Misc 2d 153). Stability and certainty in the law require adherence to precedents by courts of original jurisdiction, and the decisions of the Court of Appeals and intermediate appellate courts should be followed by all lower courts (Bierman v Consolidated Edison Co. of N. Y., 66 Misc 2d 237). It has been argued that the limitation of liability provision is unlawful because defendant’s customers are not afforded the opportunity to purchase greater liability protection at increased rates. While this view has been taken with respect to contracts offered by common carriers (see Conklin v Canadian-Colonial Airways, 266 NY 244), we are not persuaded that the rule should be extended by analogy to the situation at bar. Public utilities resemble common carriers in that they are also, in a sense, instruments of commerce and under a duty to serve the public, but historically, they have not been subject to the same liabilities at common law (Primrose v Western Union Tel., 154 US 1, 14-15).
The trial court having specifically found that the defendant was not guilty of any acts of gross negligence, the complaint must be dismissed. While the scope of our review is restricted on an appeal from a small claims judgment, the decision below, at least to the extent that it holds Edison in damages for ordinary negligence, is not in conformity with the principles of substantive law (CCA, § 1807). Because of the view of the case expressed herein, we do not deem it necessary to reach the issue whether the rule of res ipsa loquitur was appropriately invoked to establish ordinary negligence.
Concur: Tierney, Hughes and Riccobono, JJ.