505 So.2d 552 (1987)
Herbert LANDRUM and Loretta Landrum, His Wife, Appellants,
v.
FLORIDA POWER & LIGHT COMPANY, Appellee.
No. 85-2582.
District Court of Appeal of Florida, Third District.
April 7, 1987.
Rehearing Denied May 12, 1987.
*553 Ronald L. Buschbom, Robert Shaughnessy, Jeanne Heyward, Miami, for appellants.
Aimee D. Stein, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
The appellants [Landrums] filed suit for personal and property damages alleged to have been caused by an interruption in electrical power to their residence. Their second amended complaint alleged that appellee [FP & L] had contracted to supply electricity to their home, and that, due to FP & L's negligent termination of service, a candle which was being used for illumination caused a fire which resulted in the aforesaid damages.
In confining ourselves to the four corners of the complaint, e.g., Corbett v. Eastern Airlines, Inc., 166 So.2d 196, 203 (Fla. 1st DCA 1964)  assuming the truth of the allegations therein, e.g., Baum v. Freeman, 103 So.2d 654, 655 (Fla. 3d DCA 1958)  we find that, as the trial court correctly concluded, the complaint fails to state a cause of action for negligence because FP & L's tariff[1] operates as a limitation of liability for ordinary negligence. Food Pageant, Inc. v. Consolidated Edison Co., 54 N.Y.2d 167, 445 N.Y.S.2d 60, 429 N.E.2d 738 (1981); LoVico v. Consolidated Edison Co., 99 Misc.2d 897, 420 N.Y.S.2d 825 (Sup.Ct. 1979); Lee v. Consolidated Edison Co., 98 Misc.2d 304, 413 N.Y.S.2d 825 (Sup.Ct. 1978); Devers v. Long Island Lighting Co., 79 Misc.2d 165, 359 N.Y.S.2d 940 (Sup.Ct. 1974); Newman v. *554 Consolidated Edison Co., 79 Misc.2d 153, 360 N.Y.S.2d 141 (Sup.Ct. 1973); accord Life Sciences, Inc. v. Emery Air Freight Corp., 341 So.2d 272 (Fla. 2d DCA 1977); McTighe v. New England Tel. & Tel. Co., 216 F.2d 26 (2d Cir.1954); Southwestern Bell Tel. Co. v. Rucker, 537 S.W.2d 326 (Tex.Civ.App. 1976); Waters v. Pacific Tel. Co., 12 Cal.3d 1, 114 Cal. Rptr. 753, 523 P.2d 1161 (1974) (in bank); Southern Bell Tel. & Tel. Co. v. Invenchek, Inc., 130 Ga. App. 798, 204 S.E.2d 457 (1974); Warner v. Southwestern Bell Tel. Co., 428 S.W.2d 596 (Mo. 1968).
It is well established that a limitation of liability contained in a tariff is an essential part of the rate, and that the consumer is bound by the tariff regardless of his knowledge or assent thereto. E.g., Western Union Tel. Co. v. Esteve Bros. & Co., 256 U.S. 566, 41 S.Ct. 584, 65 L.Ed. 1094 (1921); Florida Power Corp. v. Continental Laboratories, Inc., 243 So.2d 195 (Fla. 4th DCA 1971). Tariffs are even recognized as having the force and effect of law. Carter v. American Tel. & Tel. Co., 365 F.2d 486 (5th Cir.1966), cert. denied, 385 U.S. 1008, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967). The justification for an electric company filing a tariff, as in this case with the Public Service Commission, is to regulate the rate practices for the services furnished. Florida Power & Light Co. v. State ex rel. Malcolm, 107 Fla. 317, 144 So. 657 (1932). For example, it has been reasoned that "[a] broadened liability exposure must inevitably raise the cost and thereby the rates, of electric service." Lee, 413 N.Y.S.2d at 828 (citing Abraham v. New York Tel. Co., 85 Misc.2d 677, 681, 380 N.Y.S.2d 969, 972 (Sup.Ct. 1976)). As stated by the United States Supreme Court, "[f]or all we know, it may be that the rate specified in the relevant tariff is computed on the understanding that the exculpatory clause shall apply to relieve the [utility] of the expense of insuring itself against liability for damage ... and is a reasonable rate so computed." Southwestern Sugar & Molasses Co. v. River Terminals Corp., 360 U.S. 411, 418, 79 S.Ct. 1210, 1215, 3 L.Ed.2d 1334, 1340-41 (1959). Therefore, a tariff validly approved by the Public Service Commission, including a limitation of liability for ordinary negligence, resulting in the interruption of the regular supply of electric service, is valid. LoVicko, 420 N.Y.S.2d at 825-26; Lee, 413 N.Y.S.2d at 828; see 73B C.J.S.2d Public Utilities § 6 (1983).
Because we hold that the FP & L tariff operates as a bar to liability for ordinary negligence, we decline to address the foreseeability issue as it relates to negligence. We distinguish the case of Southeast Bank, N.A. v. J.A.M.A. Mobile Home Parks Ltd., 490 So.2d 1057 (Fla. 1st DCA 1986) (owner and operator of trailer liable for defective wiring which caused termination of electricity necessitating use of a candle which started fire), relied upon by appellants, on the basis that in Southeast Bank, there was no tariff to consider and no potential liability of a power company.
We uphold the trial court's conclusion that the complaint fails to state a cause of action for ordinary negligence on the ground that the FP & L tariff precludes such a finding. Gross negligence, which is not covered by the FP & L tariff, has been defined as "a course of conduct ... such that the likelihood of injury to other persons or property is known by the actor to be imminent or `clear and present'... ." Glaab v. Caudill, 236 So.2d 180, 184 (Fla. 2d DCA 1970) (quoting Carraway v. Revell, 116 So.2d 16, 23 (Fla. 1959)). We decline to hold that a mistaken interruption in electrical power is sufficient to state a cause of action for gross negligence. See Glaab v. Caudill, 236 So.2d at 180; 38 Fla.Jur.2d Negligence § 3 (1982); cf. Bromer v. Florida Power & Light Co., 45 So.2d 658 (Fla. 1949) (en banc) (suit for breach of implied contract for failure to furnish a continuous 220 voltage failed to state a cause of action where negligence insufficiently alleged; public utility "not required to become an insurer" absent an express duty). Contra Veals v. Consolidated Edison Co., 114 Misc.2d 626, 452 N.Y.S.2d 153 (Civ.Ct. 1982) (wrongful "shutoff" of power constituted gross negligence where electric bill had been paid).
*555 The order of the trial court is, accordingly,
Affirmed.
NOTES
[1] Rule 2.5 of FP & L's Tariff states:

Continuity of Service. The company will use reasonable diligence at all times to provide continuous service at the agreed nominal voltage, and shall not be liable to the customer for complete or partial failure or interruption of service, or for fluctuations in voltage, resulting from causes beyond its control or through the ordinary negligence of its employees, servants or agents... .