■ NEIL T. SHAYNE, Plaintiff, v JULIEN, SCHLESINGER & FINZ, P. C., et al., Defendants and Third-Party Plaintiffs-Respondents. SHAYNE, DACHS, WEISS, KOLBRENER, STANISCI & MOE LEVINE et al., Third-Party Defendants-Appellants.—In an

action to recover damages for legal malpractice and fraud, the third-party defendants appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered March 20, 1986, which denied their motion to dismiss the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the third-party defendants' motion which was to dismiss the fourth cause of action in the third-party complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

After the third-party defendants unsuccessfully represented the plaintiff in a State court action, they began representing him in a related Federal court antitrust action. Fifteen months into the Federal litigation, they were substituted by the third-party plaintiffs as counsel for the plaintiff. When the plaintiff lost the Federal action, he sued the third-party plaintiffs to recover damages for legal malpractice. In turn, the third-party plaintiffs commenced a third-party action against the third-party defendants (the subject of this appeal). The first three causes of action in the third-party complaint alleged that the third-party defendants' incompetent representation of the plaintiff in both the Federal action (in which the court found that the prior State court decision was determinative in part on the issues) and the State action contributed to the plaintiff's injury in losing the Federal action. Upon review of third-party complaint, it is our belief that the first three causes of action properly plead claims for damages for legal malpractice sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (see, CPLR 3013; see also, CPLR 3026; Schauer v Joyce, 54 NY2d 1; Clevenger v Baker Voorhis & Co., 8 NY2d 187, 188; Crow Crimmins-Wolff & Muenier v County of Westchester, 90 AD2d 785; Mendoza v Schlossman, 87 AD2d 606; Foley v D'Agostino, 21 AD2d 60, 69).

With regard to the fourth cause of action, however, it merely pleads that third-party defendants had "wrongfully concealed" from third-party plaintiffs "what had occurred in the State court action; their failure to demand a jury; their failure to proceed with the action, and their other conduct or misconduct". It is alleged that as a result of this concealment, the third-party plaintiffs, to their injury, took on the plaintiff's case, which they would otherwise not have done had they known about the third-party defendants' conduct. That purported claim to recover damages for fraud fails to plead all of the material elements of such a cause of action as required by

CPLR 3013 and does not plead with sufficient particularity and detail the facts and circumstances constituting the fraud, as required by CPLR 3016 (b). Thus, the fourth cause of action asserted in the third-party complaint must be dismissed for failure to properly state a cause of action. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.