■ NURI FARHARDI, INC., Respondent-Appellant, v ALBANY INSURANCE COMPANY, Respondent, and JEWELERS PROTECTION SERVICE, LTD., Appellant-Respondent.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered February 23, 1987, which denied the motion of defendant Jewelers Protection Service, Ltd. (Jewelers) and the cross motion of plaintiff Nuri Farhardi, Inc. for summary judgment, and granted the cross motion of defendant Albany Insurance Company for summary judgment, is unanimously reversed to the extent appealed from, on the law and on the facts, motion of Jewelers is granted, and the complaint is dismissed against Jewelers, without costs.

Nuri Farhardi, Inc. (Farhardi) operates a store at 920 Third

Avenue, New York County, where it sells valuable antiques, jade and ivory figures to interior designers, dealers, and private persons. On June 15, 1984, at approximately 12:00 noon, Farhardi was the victim of an armed robbery, and the estimated loss was $350,000 in merchandise.

At the time of the robbery, an insurance policy was in effect between Farhardi and the Albany Insurance Company (Albany). In substance, Albany insured the goods in the store, in the amount of $400,000, against all risks of loss, damage, disaster or casualty. However, as to burglary and theft loss, Albany's liability was limited to $25,000, by the terms of the policy, unless the subject premises were "protected by a Class 3A Certified Central Station Alarm".

Thereafter, in order to obtain full insurance coverage, Farhardi satisfied the Albany condition, mentioned *supra,* by contracting with Jewelers Protection Service, Ltd. (Jewelers) to protect the premises by installing "a Class 3A Certified Central Station Alarm".

Paragraph 5 of the contract between Jewelers and Farhardi contains an exculpatory and limitation of liability clause in favor of Jewelers, which provides, in substance, that Jewelers is not an insurer, since it does not insure Farhardi from loss or guarantee that a loss will not occur; is not liable, even if Jewelers negligently performs or fails to perform any obligation under the agreement; and, in any event, its liability, if any, is limited to six times the monthly service charge of $141 (note: $141 times 6 equals $846), or $250, whichever is greater.

Following the robbery, Albany sent an adjuster to Farhardi's premises, and he allegedly found that the alarm installed by Jewelers did not qualify as "a Class 3A Certified Central Station Alarm", which as mentioned *supra,* was required, by the Farhardi and Albany contract, for full coverage of $400,000. Therefore, Albany disclaimed liability for any amount in excess of $25,000.

Subsequently, in August 1985, plaintiff Farhardi (plaintiff) commenced an action against defendants Albany and Jewelers to recover the amount of its loss.

After issue was joined, all parties moved for summary judgment. While the IAS court denied the motion of defendant Jewelers and the cross motion of plaintiff for summary judgment, it granted the cross motion of defendant Albany for summary judgment, upon the basis that the action against Albany was time barred. Defendant Jewelers appeals from that part of the IAS order which denied its motion.

It is undisputed that the exculpatory clause herein was negotiated by the parties in a commercial setting, and we find the language of the clause to be "clear, unequivocal and [expressed in] unmistakable language" *(Dubovsky & Sons v Honeywell, Inc.,* 89 AD2d 993, 994-995 [1982]). Furthermore, exculpatory clauses in alarm contracts are not prohibited by statute, and, in this case, there is "no special relationship between the parties that would warrant relieving plaintiff * * * of their contract" *(Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793, 795 [1980]).

Exculpatory clauses of the type contained in the subject alarm contract have been repeatedly enforced by the courts of this State, and claims for breach of these contracts have been dismissed, where the plaintiff has sought to recover damages for losses sustained, as a result of crimes such as burglaries *(Sue & Sam Mfg. Co. v United Protective Alarm Sys.,* 119 AD2d 664 [1986]). However, "[t]o the extent that [exculpatory] agreements purport to grant exemption for liability for willful or grossly negligent acts they have been viewed as wholly void" *(Gross v Sweet,* 49 NY2d 102, 106 [1979]).

Our examination of the record, including the plaintiff's complaint, indicates to us "that the plaintiff, in opposing [Jewelers'] motion * * * has totally failed to present any evidence in admissible form which raises an issue of fact as to whether the defendant's conduct constituted gross negligence * * * The plaintiff cannot rely on conclusory assertions of gross negligence, contained in the pleadings, to defeat a motion for summary judgment *(see, Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338)" *(Sue & Sam Mfg. Co. v United Protective Alarm Sys., supra,* at 664-665).

In view of our analysis *supra,* we find that the IAS court erred in denying Jewelers' motion.

Accordingly, we reverse, grant Jewelers' motion for summary judgment, and dismiss the complaint against Jewelers. Concur—Ross, J. P., Asch, Milonas and Rosenberger, JJ.