■ LIGHT'S JEWELERS, INC., Appellant, v NEW YORK TELE-PHONE COMPANY et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered January 17, 1991 in Clinton County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff, a jewelry store located in the Plattsburgh Plaza in the City of Plattsburgh, Clinton County, was serviced by a security system installed by defendant Adirondack Security Systems, Inc. The system included an on-premises alarm and a monitor at the police station which was connected to the system by a telephone line leased from defendant New York Telephone Company. Shortly after 9:00 P.M. on September 5, 1981, the individual owners of the store were notified by police that there was trouble in the alarm line of the monitor. The telephone lines in the store and plaza were also dead. Both defendants were notified of the trouble by one of the store owners. The manager of the store called New York Telephone to request that the leased line to the police station be repaired. At the store the police found no trouble and left after being asked by the owners to keep an eye on the store until the alarm system was fixed. Adirondack's representative also found no trouble with the alarm system and told the owners

that the problem was in the leased line outside the store. The manager again spoke with a New York Telephone representative after everyone else had left the store and learned that nothing would be done about the alarm line that night. The next morning he learned the store had been burglarized and called the police.

Plaintiff commenced this action in negligence against Adirondack and New York Telephone. According to plaintiff's allegations, the negligence of Adirondack consisted in failing to guard and protect the store or to recommend that a guard be placed at the store. Plaintiff alleged that the negligence of New York Telephone consisted of failing to inspect and repair the leased line on the night of September 5, 1981. Defendants answered and cross-claimed against each other for indemnification and/or contribution. After discovery, both defendants moved for summary judgment. Supreme Court granted both motions and dismissed the complaint and all cross claims. Plaintiff appeals.

We affirm Supreme Court's order. In response to defendants' motions for summary judgment, plaintiff has shown no breach of any duty that defendants owed to plaintiff. The maintenance contract between plaintiff and Adirondack does not cover service required "by causes other than normal use, or necessitated by malfunction of non-Adirondack * * * parts, attachments or devices". The contract provides that Adirondack "shall not be responsible for failure to render service due to * * * causes beyond its' [sic] control". The problem was within the New York Telephone leased line and not within the alarm system, which was inspected and found to be working properly. Adirondack performed its contractual duty to plaintiff with due care, and the contract did not require Adirondack to provide a guard or advise that a guard be obtained. In any event plaintiff's negligence action against Adirondack cannot stand in the absence of any evidence that Adirondack violated a legal duty independent of the contract itself (see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 389; Arell's Fine Jewelers v Honeywell, Inc., 170 AD2d 1013, 1014). In all, plaintiff failed to show the breach of any duty that Adirondack owed to it and Supreme Court therefore correctly dismissed the action against Adirondack.

In regard to New York Telephone, plaintiff's claim is that New York Telephone had a duty to send a repair crew immediately upon learning that the lines in Plattsburgh Plaza, including plaintiff's leased line, were out of service.

When the store manager called New York Telephone repair service to report this outage, the operator requested the circuit number of the leased line which he could not supply. The operator then stated that lacking that information the most she could do was notify someone of the problem and call back. When she called the manager back between 11:30 P.M. and 12 midnight, she reported that based on reliable information a repair crew would not be assigned until the next business day. The record reflects that this operator sent a teletype message to the Plattsburgh office regarding the failure in the Plattsburgh Plaza. A service call was made about 5:48 A.M. of the next morning and a repair crew dispatched at about 8:50 A.M. The New York Telephone supervisor who was on duty during this time called the police and ascertained that there was no emergency at the Plattsburgh Plaza. Therefore, the supervisor did not consider the situation an emergency involving life and limb that would require immediate action.

The standard with regard to New York Telephone is gross negligence, which involves wanton and reckless conduct and the lack of even scant care or an intentional failure to perform (see, Long Is. Cent. Sta. v New York Tel. Co., 54 AD2d 893), a standard which plaintiff concedes. We find no factual question regarding gross negligence raised by plaintiff in response to defendant's motion for summary judgment. Therefore, New York Telephone's motion for summary judgment was also properly granted by Supreme Court (see, Nuri Farhardi, Inc. v Albany Ins. Co., 137 AD2d 429, 431).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with one bill of costs.