OPINION OF THE COURT
Peter P. Rosato, J.
The instant action is an alleged class action wherein plaintiff asserts that defendants have engaged in a deceptive and fraudulent course of conduct by concealing from the public that they are charging for telephone calls in whole-minute increments, a policy known in the business as "rounding up”. Defendants move to dismiss the instant complaint on the basis of certain doctrines known as the primary jurisdiction doctrine and the filed rate defense doctrine. It is defendants’ position that the filed rate doctrine serves to preclude plaintiff from bringing on the first two causes of action herein alleging unfair and deceptive business practices as well as false advertising, under General Business Law §§ 349 and 350, respectively.
Following review of the applicable case law, it is the considered judgment of this court that the doctrines relied upon by the defendants in support of the instant motion to dismiss, i.e., primary jurisdiction (closely related to the doctrine of exclusive jurisdiction) and the fixed, or "filed rate” doctrine are inapplicable herein. The essence of the instant lawsuit, as the court sees it, is not "rate making”, or the reasonableness or alleged excessiveness of a given rate, issues which are clearly within the exclusive purview of the Public Service Commission. (See, by way of contrast, Matter of Empire Blue Cross & Blue Shield Customer Litig., 164 Misc 2d 350 [Sup Ct, NY County 1994] [Cahn, J.].) Nor is this a case where it is alleged that defendants provided misleading financial information to the regulatory agency in question, thereby giving rise to a filed rate obtained by fraud. (See, e.g., Minihane v Weiss- *205 man, 226 AD2d 152; Wegoland, Ltd. v NYNEX Corp., 806 F Supp 1112 [SD NY 1992, Wood, J.].) Rather, the gravamen of plaintiffs instant claim is one sounding in fraudulent advertising, a claim which does not implicate the reasonableness of the filed rate. Therefore, the filed rate doctrine, as well as the doctrines of primary and exclusive jurisdiction would not seem to apply in the instant case. (See, in accord, Gelb v American Tel. & Tel. Co., 813 F Supp 1022 [SD NY 1993, McKenna, J.].) Accordingly, bearing in mind the broad application given to General Business Law §§ 349 and 350, defendants’ motion to dismiss, insofar as it relates to plaintiffs first two causes of action under General Business Law §§ 349 and 350, is denied in all respects under both CPLR 3211 (a) (1) and (7). (And see generally, Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20 [1995]; see also, Hart v Moore, 155 Misc 2d 203 [Sup Ct, Westchester County 1992, Coppola, J.].)
However, insofar as plaintiffs third cause of action is concerned, wherein plaintiff asserts a private right of action under Public Service Law § 93, the case law clearly provides that a telephone corporation may be liable to its customers only upon a showing of gross negligence or willful misconduct. (See, Long Is. Cent. Sta. v New York Tel. Co., 54 AD2d 893 [2d Dept 1976].) In the instant case, plaintiff, in the third cause of action herein, fails to allege that the defendants were either grossly negligent or that they engaged in acts of willful misconduct. Thus, the case law standard not having been satisfied, defendants’ motion to dismiss cause of action No. 3 herein is granted.
Also, plaintiff, in the eighth cause of action herein, raises a claim of negligent misrepresentation. It is by now well settled that to recover on such a claim, a plaintiff must establish a number of elements, including, inter alia, the existence of a "special relationship” with the defendant. (See, e.g., Pappas v Harrow Stores, 140 AD2d 501 [2d Dept 1988].) Here, plaintiff has failed to show, or even allege, the existence of any such special relationship. Accordingly, defendants’ motion to dismiss cause of action No. 8 is also granted.
Insofar as causes Nos. 4-6 are concerned, collectively referred to as the "fraud” causes of action, this court, upon review of said causes of action as set forth in the instant complaint, finds that such counts fail to meet the specificity requirements of CPLR 3016 (b). (See, Shayne v Julien, Schlesinger & Finz, 131 AD2d 655 [2d Dept 1987]; see also, Edison Stone Corp. v 42nd St. Dev. Corp., 145 AD2d 249 [1st Dept *206 1989].) Accordingly, said causes of action Nos. 4-6 are hereby dismissed, without prejudice to plaintiff to replead same in more detailed fashion.
Finally, defendants’ motion to dismiss is denied insofar as cause of action No. 7 (alleging unjust enrichment) is concerned.
Thus, defendant’s motion to dismiss is granted, in part, solely to the extent indicated above, i.e., as to causes of action Nos. 3, 4-6, and 8, and without prejudice to plaintiff repleading causes of action Nos. 4-6 in more detailed fashion.
Further, plaintiff’s cross motion to compel "discovery”, in this case, certain legal decisions and, very generally, identification of certain other cases in which there are pending "dismissal and/or class action motions”, is denied in all respects.