POLEN, C.J.
This appeal arises from the trial court’s entry of summary judgement in favor o'f Florida Power & Light (“FPL”) in a negligence suit. For the reasons set forth below we affirm that decision.
The subject of the allegations of Mr. Potts’ complaint was that after multiple phone calls to FPL, it sent an employee to the condominium development where Potts resided and had been attempting to get his power back on. Potts alleged that the FPL employee advised him the main breaker had blown and that if Potts took the bottom breaker out and put it in the top slot, he would have power in his condominium unit. The FPL employee advised Potts that he was not authorized to do it for him.
Subsequent to the FPL employee leaving, Potts attempted to switch the breakers. As he was switching them, Potts alleged that he saw a flash and suffered injuries. In response, FPL filed a motion for summary judgment. The trial court properly granted that motion.
A utility, such as FPL, may adopt non-discriminatory rules and regulations governing its relations with customers. Fla. Admin. Code. Ann. R. 25-6.033. “It is well established that a limitation of liability contained in a tariff is an essential part of the rate, and that the consumer is bound by the tariff regardless of his knowledge or assent thereto. Tariffs are even recognized as having the force and effect of law.” Landrum v. Fla. Power & Light Co., 505 So.2d 552 (Fla. 3d DCA 1987)(internal citations omitted).
FPL relies on Tariff provision 2.7, Indemnity to Company, which reads as follows:
The Customer shall indemnify, hold harmless and defend the Company from and against any and all liability, proceedings, suits, cost or expense for loss, damage or injury to persons or property, in any manner directly or indirectly *673 connected with or growing out of the transmission and use of electricity on the customer side of the point of delivery.
In addition, Rule. 2.3 of FPL’s Tariff defines point of delivery as “the point where the company’s wires or apparatus are connected with those of the customer.” Rule 4.1 of FPL’s Tariff defines customer’s installation as follows:
The customer’s installation consists of and includes all wires, cutouts, switches and appliances and apparatus of every Mnd and nature used in connection with or forming a part of an installation for utilizing electric service for any purpose, (excepting meters and associated equipment), ordinarily located on the Customer’s side of ‘Point of Delivery’....
There is no material issue of fact as to where the injury occurred. Thus, as a matter of law, pursuant to the tariffs discussed in this opinion, FPL was entitled to summary judgment. The decision of the trial court is hereby affirmed.
GUNTHER and SHAHOOD, JJ., concur.