DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA POWER & LIGHT COMPANY,**
Petitioner,

v.

**REHABILITATION CENTER AT HOLLYWOOD HILLS, LLC;
HOLLYWOOD PROPERTY INVESTMENTS, LLC.;** and **BERNICE
MOULTRIE,**
Respondents.

No. 4D19-1063

[December 11, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 18-004415 CACE.

Stuart H. Singer, Evan Ezray, Luis Suarez and Mark Heise of Boies Schiller Flexner LLP, Fort Lauderdale; and Eric Hoecker of Florida Power & Light Company, Juno Beach, for petitioner.

Dorothy F. Easley of Easley Appellate Practice PLLC, Miami; and Julie W. Allison of Julie W. Allison, P.A., Hollywood, for respondent Rehabilitation Center At Hollywood Hills, LLC.

CIKLIN, J.

Florida Power and Light Company (FPL) petitions for certiorari review from an order that denied its motion to dismiss a complaint filed by a former resident of a nursing home—the Rehabilitation Center at Hollywood Hills, LLC—who was allegedly injured following the loss of power in Hurricane Irma. FPL's motion sought dismissal of the complaint for failure to state a claim upon which relief can be granted.

In this proceeding, FPL argues that it is immune from suit under a provision in its tariff that provides:

> 2.5 Continuity of Service. The Company will use reasonable diligence at all times to provide continuous service at the agreed nominal voltage, and shall not be liable to the

Customer for complete or partial failure or interruption of service, or for fluctuations in voltage, resulting from causes beyond its control or through the ordinary negligence of its employees, servants or agents. *The Company shall not be liable for any act or omission caused directly or indirectly by* strikes, labor troubles, accident, litigation, shutdowns for repairs or adjustments, interference by Federal, State or Municipal governments, *acts of God or other causes beyond its control.*

(Emphasis supplied).[1] FPL maintains that this provision broadly immunizes it from claims arising from "acts of God"—such as a hurricane.

The trial court concluded that it "is not convinced that the electric tariff requires dismissal at this stage of the proceedings, based merely on the face of the complaint. FPL's argument that the tariff limits its liability requires factual determinations regarding causation and the proffered defense."

We dismiss the petition for failure to establish irreparable harm necessary for certiorari jurisdiction. The Florida Supreme Court has made clear that the denial of a motion to dismiss raising an alleged immunity from suit is not subject to review by certiorari or any other extraordinary writ. *Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344, 352-53 (Fla. 2012). When public policy favors immediate review of a non-appealable, nonfinal order, the proper course is for the Florida Supreme Court to amend the rules of appellate procedure with input from the

---

[1] "FPL and other public utilities promulgate a set of rates, rules, and regulations collectively referred to as a 'tariff,' subject to review and approval by the [Public Service Commission]." *Ramos v. Fla. Power & Light Co.*, 21 So. 3d 91, 93 (Fla. 3d DCA 2009). The Public Service Commission approved the tariff at issue, which is "recognized as having the force and effect of law." *Landrum v. Fla. Power & Light Co.*, 505 So. 2d 552, 554 (Fla. 3d DCA 1987); *see also* § 366.05(1)(e), Fla. Stat. (2019) ("New tariffs and changes to an existing tariff, other than an administrative change that does not substantially change the meaning or operation of the tariff, must be approved by majority vote of the commission, except as otherwise specifically provided by law.").

FPL contends that the tariff is akin to a statute granting it "legislatively-blessed" immunity from suit and that the purpose of the above clause is to avoid FPL being overrun with costly litigation following a hurricane. FPL argues that the rates approved by the tariff depend on FPL being afforded protection and that exposure to suits such as this—for power outages following a hurricane—would undermine the regulatory scheme and risk higher electricity rates for all Floridians.

appellate rules committee.  *Id.*; *see also Keck v. Eminisor,* 104 So. 3d 359, 365-66 (Fla. 2012); *Tucker v. Resha,* 648 So. 2d 1187, 1189-90 (Fla. 1994). Pursuant to this binding caselaw, we lack jurisdiction to review the order at issue.

When the Florida Supreme Court has amended Florida Rule of Appellate Procedure 9.130 to allow for immediate review of a nonfinal order determining that a party is not entitled to certain types of immunity from suit, it has done so only where the immunity can be determined "as a matter of law."  Fla. R. App. P. 9.130(a)(3)(C)(v) ("workers' compensation immunity"); Fla. R. App. P. 9.130(a)(3)(C)(vii) ("absolute or qualified immunity in a civil rights claim arising under federal law"); Fla. R. App. P. 9.130(a)(3)(C)(x) ("immunity under section 768.28(9) [individual immunity for government agents acting in the scope of their employment]"); Fla. R. App. P. 9.130(a)(3)(C)(xi) ("sovereign immunity").  Nonfinal review is not available where immunity turns on disputed issues of fact.  *See Reeves v. Fleetwood Homes of Fla., Inc.,* 889 So. 2d 812, 821-22 (Fla. 2004) (rejecting certiorari jurisdiction as well).

Here, the trial court concluded that dismissal of the complaint was not appropriate because FPL's claim that its tariff limits its liability requires factual determinations.  Because FPL's claim of immunity turns on disputed facts, certiorari review is not available.

*Petition dismissed.*

GROSS and KUNTZ, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***