MILTON LIBERMAN, Plaintiff, *v.* AMERICAN LUMBERMANS MUTUAL CASUALTY Co., Defendant.

Municipal Court of the City of New York, Small Claims Part, Borough of Manhattan, March 18, 1953.

*Benjamin H. Eisen* and *Jerome Margolies* for plaintiff.

*William C. Morris* and *John R. Curti* for defendant.

WAHL, J.   In this action, brought in the Small Claims Part of the Municipal Court, the plaintiff, an executive of a large enterprise, was suing to recover the sum of $63.75 for damages to his new $5000 Cadillac.   He claimed that the damage was caused by vandalism and, more specifically, by the acts of mischievous children.   Payment was resisted by the defendant under the " Comprehensive " features of the insurance policy which expressly excluded damage to the vehicle from collision; it endeavored to show that the major portion of the damage was the result of a collision.

The plaintiff was represented by an attorney, and the defendant, of necessity, appeared by an attorney.

After the trial, which was far too long, and which included

testimony of an expert who was called as a witness by the defendant, each side submitted a memorandum of law, and the court took under advisement a determination of the controversy.

On a careful review of the pertinent facts and a reading of the memoranda submitted, I am constrained to find for the plaintiff for the amount demanded by him.

This cause in the Small Claims Part, standing alone, would evoke no animadversion were it not for the evil it represents. Though it is unusual for a judge to write an extended opinion when deciding a matter in this part of the court, it has become necessary to do so. I am prompted by the fact that bringing such an action as this in the Small Claims Part is wholly at variance with the purpose and procedure of this part of the court, and, further, that such an action as this is not at all unusual but, on the contrary, is becoming common practice and one which works a grave injustice on the persons for whom the Small Claims Part was established.

By virtue of the authority found in chapter 598 of the Laws of 1934, and thereafter amended by increasing the monetary jurisdiction, there was created a Small Claims Part of the Municipal Court for a prompt and inexpensive determination of claims involving $100 or less.

Prior thereto, a great deal of sympathy had been aroused throughout the United States for the creation of a court whereby the indigent could repair for a quick and inexpensive disposition of their claims. The inability to dispense justice quickly and inexpensively in small causes, such as small debts for groceries or loans, claims for damage to items of wear, retention of personal property, wages and numerous miscellaneous items, occasioned much criticism. It was the legal aid organizations and other agencies throughout the country that were highly vocal in calling attention to the inequalities caused by the traditional method of administering justice, and they were instrumental in the creation of the Small Claims Courts. (Justice and the Poor, Reginald Heber Smith — Bulletin No. 13). The Bar had been slow to comprehend the task and was seemingly indifferent to the need.

Many years ago, Dean Pound pointed out that although the system of American jurisprudence had great merit as a means of arriving at the truth, it was a denial of justice in small causes because of the expenses for legal services. (Administration of Justice in the Modern City, 26 Harv. Law Rev. 302, 318; see, also, Organization of Courts, Judicial Administration Series, 1940, Pound.) Of course, court costs were also a deterrent.

A system of adjusting small claims has been in existence in France for a long time. It is noteworthy because of the simple and summary procedure, and the absence of technical and complicated rules of evidence; and anyone who can easily show that another is indebted to him can obtain a judgment promptly. The English courts also have provision for quick disposition of " petty litigation ".

Of course, the need for some method of adjusting small matters was also a problem for us in this country; and Elihu Root stated that there was no reason " why a plain, honest man should not be permitted to go into court and tell his story and have the judge before whom he comes permitted to do justice in that particular case, unhampered by a great variety of statutory rules. * * * It is all wrong." (Root: Addresses on Government and Citizenship, p. 231.)

Historically, small cases were first entrusted to the Justices of the Peace, and, undoubtedly, the rural inhabitant was well satisfied with this mode of dispensing justice, but this plan, when applied to large communities, failed woefully because these gentlemen, operating under a fee system, unsupervised, became so plaintiff-minded that " J. P." was synonymous with " Judgment for the Plaintiff "; the influence of the collection agencies, installment houses, and the like, was then very unhealthy. Therefore, in the cities, the modern Municipal Court finally developed, with trained and capable judges, but, at the same time, there evolved rules of pleading, of procedure and of evidence and, of course, expense and delay. In short, the latter items became rock barnacles on the proper administration of small claims.

In 1913, the Kansas Small Claims Courts were created in Topeka, Leavenworth and Kansas City, and it is said that the law was drawn by the Attorney-General who had the insufficiency of the regular courts brought markedly to his attention by the fact that a washwoman in whom he was interested was owed $3 by a wealthy man who refused to pay her and whom she was unable to sue because of inability to pay the necessary counsel fees and costs. (Justice Tempered with Mercy, 112 Outlook 153 [1916].) The Kansas statute provided, and still provides, that the person appointed as judge must be sympathetically inclined to consider the situation of the poor, friendless and unfortunate and that before entertaining the suit, the plaintiff must appear personally before the judge and state his case orally, and if a cause does exist, the judge must summon the defendant orally, or by mail, or telephone and try the

case considerately and summarily and give judgment and there is to be no assessment of costs against either party, and, further, *no attorney-at-law or any other person than the plaintiff and the defendant shall concern himself or intermeddle in any manner whatsoever in the litigation in the small debtor's court.* (Kan. Session L. 1913, ch. 170, Small Debtors Court, ch. 20, art. 13, General Statute of Kansas, 1949, Ann.) Thus an ideal statute was created, it was thought, because costs are abolished, delays in trial eliminated and legislative command forbids lawyers from intermeddling in these cases.

The Small Claims Court of Portland, Oregon, was modelled on the Kansas courts, and the monetary jurisdiction is limited; no pleadings; and the hearings are informal, and attorneys are forbidden to appear in court except in the court's discretion.

Prior thereto, the Municipal Court of Cleveland was established in 1912, and therein was developed the Small Claims Court which was technically known as the "Conciliation" branch of the court. In the courtroom itself, where the trial is held, the courtroom was like any other court except that the attorneys were noticeably absent; though not excluded by law, the attitude of the court and the opinion of the bar were to discourage their attendance. The Cleveland system was widely acclaimed and so highly esteemed that it was considered a "movement towards justice in spite of lawyers". (*Cleveland Press,* January 16, 1915.)

The Chicago Small Claims Part was created in 1916 as a branch of the Municipal Court. The remarkable features of this court are the simplicity and dispatch of the proceedings. Technicalities are not tolerated, and though attorneys are not forbidden by statute, they seldom appear, and their appearance discouraged. Other cities have emulated this system of dispensing justice.

The sections pertinent to the Small Claims Part of the Municipal Court of this city may be found in title XI of the Municipal Court Code. The term "small claims" in our statute is defined to mean any claim or cause of action where the amount involved does not exceed $100 exclusive of interest and costs. The law provides that the practice and procedure must be simple, informal and inexpensive, for the prompt determination of such claims in accordance with the principles of substantive law, and that stenographic minutes shall be taken. The commencement of a small claim is by the payment of a filing fee of $1.25, without the service of a summons or of any pleading other than a statement of the cause of action by the claimant, or some-

one in his behalf, to the clerk, and a copy of such claim is sent by registered mail to the person complained against, and a date at the same time is set for an early hearing and determination of the claim.

Either party may appeal on the sole ground that substantial justice has not been done between the parties according to the rules of substantive law. Corporations, partnerships, associations and assignees are not permitted to avail themselves of the facilities of the court as initial claimants. The judge may provide for payment by installments payable into court. Rule I of the Rules for the Small Claims Part provides that '' The plaintiff, or someone in his behalf, shall state the nature and the amount of his claim to the clerk, who, after due inquiry shall cause the claim to be reduced in writing in the form provided, in concise untechnical form, and to be signed by the plaintiff or someone in his behalf. The statement, as entered in the docket by the clerk, shall contain a general statement of the cause of action, giving the time, place and other relevant circumstances.''

At the hearing held by the then President Justice of the Municipal Court of the City of New York in July, 1934, to consider the matter of practice and rules in connection with the establishment of the Small Claims Part of the Municipal Court, it was urged by one of the large group attendant that rule I should be so worded that only the plaintiff could obtain the summons and that nobody in his behalf should possess that right. The representative of the Legal Aid Bureau indorsed this view. The President Justice pointed out that this would work a hardship on the claimant since he would be employed, that '' the wife of the individual, or the husband, as the case may be, can come in and place the claim ''.

The unusual and the very effective method of procedure in the hearing of the claim is set forth in the forepart of rule VIII, '' The court shall conduct the hearing in such order and form, and with such methods of proof, as it deems best suited to discover the facts and to determine the justice of the case, but the court shall begin the hearing by first eliciting from the defendant or from the one appearing in his behalf, the nature of the defense, counterclaim or set-off.''

Undoubtedly, the Small Claims Part of this court was instituted primarily for the indigent claimant, and it has successfully handled hundreds of thousands of cases inexpensively and expeditiously for the litigants. In the year 1950, there were 64,212 small claim actions instituted in the Municipal Court

of the City of New York; in 1951, 68,284; in 1952, 67,410. In the borough of Manhattan, in 1952, there were 19,353 actions, and that number was in excess of that filed in 1951. It may be of note that in February, 1953, there were about 1,400 claims filed with the clerk of the Small Claims Court in the borough of Manhattan and that in about 300 or more of these actions or claims, attorneys appeared for the plaintiff. Far too many.

Personal experience gained from presiding in the Small Claims Part obliges me to criticize the trend of the influx of attorneys appearing for the claimant in the Small Claims Part. An attorney appearing on a contingent basis for a seaman seeking recovery of $600 for maintenance and cure should not be permitted to bring six separate causes of action for $96 on each cause of action, and in claims of this type, the defendant, a marine company, invariably appears by counsel. Medical testimony must be adduced and medical records produced, and motions, memoranda of law and other incumbrances are present, thereby causing vexation and delay to the small tradesmen, employee and others of humble means. Various other claims, such as a landlord hiding its corporate identity by the president appearing as an individual claimant upon advice of an attorney; attorneys seeking recovery for legal services; claims based upon interpretation of contracts, both parties represented by counsel; and others, of a more or less complicated nature, which rightly do not belong in the Small Claims Part. Many lawyers seem to be of the opinion that they have the right to try a claim in the Small Claims Part as if they were in the Supreme Court, and it usually requires a lengthy explanation to disabuse them of the error — but the tide sweeps on. They fail to understand that in Small Claims Courts, justice must be administered without regard to procedural and evidential rules of law. Presiding Justice PECK of our own Appellate Division has had occasion in the last few years to dwell upon the shortcomings of the courts, and his remarks, it seems to me, are pertinent here, too: '' that the court system as a whole is not functioning nearly as effectively as it should. * * * It is all out of balance.'' (Bar Bulletin, New York County Lawyers Assn., Vol. 7, Nov. 1948, p. 17.) It is no hardship on a judge to determine any of the cases mentioned, but such causes should be tried in a district court, and not in the Small Claims Part where the courtroom is crowded with deserving claimants waiting patiently to tell the tale of lost laundry, or pants or shoes, or girdles that do not fit, or pain suffered because of a horse bite, or dresses that have dwindled in size since drycleaning, or wages withheld, and a

host of other minor woes. And it may be worthy of note that many of the claimants have been sent to the Small Claims Court by the Legal Aid Society for a quick and fair disposition of their claims. A claimant who can afford an attorney to assert his claims should be able to pay the filing fee of $3 in the district court wherein a speedy trial is afforded. (See Annual Report of the President Justice of the Municipal Court for the year 1952, issued February 11, 1953.)

The wisdom of the legislation creating the court has proven itself beyond question, but perhaps a reminder of the purpose and intent, coupled with the historical background, may be instrumental in permitting the Small Claims Part to function as it was intended, otherwise, it may become necessary to recommend corrective measures.