OPINION OF THE COURT
David B. Saxe, J.
The application of sound legal doctrine to particular facts sometimes produces striking injustice.
Consider the following facts: back on August 15, 1977, Mr. James A. Royster of 119 West 137th Street, New York, New York, brought a $68 suit against Consolidated (Con) Edison for food loss resulting from the infamous “blackout” of 1977.
On November 16, 1978, Mr. Royster’s case was tried at the Small Claims Part of the Civil Court, New York County. He won, based upon a decision rendered in a companion case, Lee v Consolidated Edison of N. Y. (95 Misc 2d 120), which held that the blackout and the resulting economic loss were the result of negligence on the part of Con Edison. Royster and others had apparently entered into a stipulation to be bound by the decision in the Lee case. The Lee case was appealed to the Appellate Term which reversed (98 Misc 2d 304) the decision of the Small *530 Claims Court and held that since the Small Claims Court had specifically found that Con Edison was not guilty of any act of gross negligence, the complaint must be dismissed. On April 5, 1979 Con Edison made a motion to dismiss Royster’s case based upon the holding of the Appellate Term in its Lee decision. The motion was granted on October 16, 1979.
On November 19,1981, the Court of Appeals decided the case of Food Pageant v Consolidated Edison Co. (54 NY2d 167). The court upheld a 1979 jury verdict finding Con Edison to have acted with gross negligence in connection with the 1977 blackout.
On February 1, 1982, Mr. Royster, once again, appeared in Small Claims Court. Apparently, having heard of the resounding success of Food Pageant (supra), claimant Royster argued that since the highest court of this State had upheld a jury determination finding Con Edison to have been grossly negligent, a necessary predicate for recovery against Con Edison (Lee v Consolidated Edison Co. of N. Y., 98 Misc 2d 304, 306, supra), he should now be entitled to recover for his loss.
Unlike many other plaintiffs whose suits had been stayed pending the decision of the Court of Appeals in Food Pageant (supra), it appears that neither Mr. Royster nor any of the original Small Claims Court consumers whose cases were heard in connection with the Lee appeal, ever appealed from the Appellate Term’s reversal of their original success in Small Claims Court.
Con Edison, apparently unmoved by the perceived equity of claimant Royster’s position moved to dismiss his claim on essentially two theories: (1) that the present action is barred on the grounds that it was tried to conclusion and dismissed {res judicata)', and (2) that his “new” action is barred by a three-year Statute of Limitations, which expired on July 13, 1980, three years after the blackout of July 13, 1977 (CPLR 214).
Res judicata is a judicially created doctrine that dictates that once a matter has been litigated or has otherwise gone to judgment in a court of competent jurisdiction, the controversy should be laid to rest and the judgment should be *531 given conclusive effect as to the parties to that litigation. (See, generally, Developments in the Law — Res Judicata, 65 Harv L Rev 818; 46 Am Jur 2d, Judgments, § 395.) Nevertheless, res judicata is purely a rule of judicial administration to be applied like all such rules, as considerations of justice and policy require. It is grounded in the need for putting an end to litigation. (See Note, 65 Harv L Rev 818; Matter of Doherty v Cuomo, 76 AD2d 14.) The question in any controversy surrounding the application of this doctrine involves balancing considerations of justice and convenience, “between stopping litigation and stopping the showing of the truth.” (Angel v Bullington, 330 US 183, 204 [Rutledge, J., dissenting opn].)
Res judicata is applied even if a subsequent change in the decisional law occurs. (Slater v American Min. Spirits Co., 33 NY2d 443.) In this case, I am not confronted, however, by a change in the decisional or common law as a result of the Court of Appeals decision in Food Pageant v Consolidated Edison Co. (54 NY2d 167, supra). Instead, the Court of Appeals affirmed a jury’s determination of liability against Con Edison arising out of its actions in connection with the blackout of 1977.
But, under section 1808 of the New York City Civil Court Act (CCA), it is stated that a small claims judgment “may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court.” The language is intended to reassure both sides to a small claims dispute that it will “carry no unexpected consequences beyond the matter at issue” (Siegel, New York Practice, § 585, p 824). It has been held that if a plaintiff loses a small claims suit to a defendant, that loss precludes the plaintiff from suing the defendant for the same thing again even in the regular day session of the court. (Ibid.; Rosen v Parking Garage, 40 Misc 2d 178.) It would seem therefore that although the statute says there is no res judicata in that instance, the court in effect held that there is. (Siegel, New York Practice, § 585; 64 West Park Ave. Corp. v Parlong Realty Corp., 77 Misc 2d 1019.) Thus, section 1808 of the CCA does not divest a small claims judgment of res judicata effect, but *532 rather of “collateral estoppel” use. (Siegel, op. cit., §§ 585, 443.) In this case there is an attempt by Royster to duplicate the claim in full and therefore its relitigation would seem to be barred by the doctrine of res judicata.
It has been noted that the application of res judicata may be modified “when unique facts warrant it.” (Id., § 585, p 825.) Certain factors, such as the difficulty that the original small claims consumers must have had in proving gross negligence against Con Edison as well as the stay of all proceedings brought subsequent to the jury’s verdict in Food Pageant v Consolidated Edison Co. (supra), while that case was appealed, lend some merit to the conclusion that rules requiring finality should be scrutinized with greater judicial flexibility.
Common sense and justice appear to require that individuals, such as Mr. Royster, be made whole to the same extent as those individuals or businesses who started suits against Con Edison, obtained stays while Food Pageant v Consolidated Co. (supra) moved through the New York courts, and now may utilize the doctrine of collateral estoppel “offensively” to prevent relitigation of the issues of gross negligence on the part of Con Edison. (Whitestone Packing Corp. v Consolidated Edison Co. of N. Y., NYLJ, Feb. 25, 1982, p 12, col 3.)
Con Edison has had notice of Mr. Royster’s claim as well as others who sued in time. Upon hearing of the Court of Appeals decision in Food Pageant v Consolidated Edison Co. (supra), Mr. Royster moved promptly to assert his claim again. No significant financial prejudice would befall the utility if I allowed this action to proceed. Mr. Royster and others similarly situated should not have been allowed to fall within the interstices of our legal system because of their failure to file a notice of appeal from the Appellate Term’s decision in Lee v Consolidated Edison Co. of N. Y. (98 Misc 2d 304, supra) the lead case involving the determination of Con Edison’s liability for the blackout.
To deny relief to Mr. Royster violates the notion that equal treatment of all within a recognized class is a necessary attribute of any legal order; the very concept of law requires this minimal regularity. (Cahn, The Sense of *533 Injustice [1949].) A sense of injustice calls actively for equality. {Ibid.)
Nevertheless, this court’s regard for finality of litigation embodied in the doctrine of res judicata justifies the application of this doctrine even in this instance where unfairness appears to result.
With respect to the defense of Statute of Limitations, it is clear that it is designed to “promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.” (Telegraphers v Railway Express Agency, 321 US 342, 348-349.) At a certain point in time, a defendant should be able to reach a state of repose deserving of protection. (See Developments in the Law — Statutes of Limitations, 63 Harv L Rev 1177,1186.) “There comes a time when he ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations” (id., p 1185).
That being so, a Statute of Limitations may not be extended for the commencement of an action (CPLR 2004, 201). Consequently, Royster’s new claim should be barred by the three-year Statute of Limitations for actions alleging negligence (CPLR 214). (See, also, Weiss v Consolidated Edison Co. of N. Y., NYLJ, May 5, 1982, p 13, col 1.)
Nevertheless, if a court were to treat Mr. Royster’s “new” case as essentially a motion to reopen or vacate the prior order of dismissal entered against him in the Civil Court (Small Claims Part), the obstacles encountered by the doctrines of res judicata and the Statute of Limitations might be obviated. It could be argued that treating Royster’s complaint as a motion to reopen the prior judgment of dismissal would be in accord with the mandate of the Small Claims Court to operate on the basis of simplified practice (Javeline v Long Is. R. R., 106 Misc 2d 814) and to do “substantial justice.” (CCA, § 1804.)
CPLR 5015 governs applications seeking relief from judgments or orders. The enumeration of the grounds set out in CPLR 5015 (subd [a]) is not intended to impair the traditional power of the court to grant relief from an order or judgment in the interests of justice. (Ladd v Stevenson, *534 112 NY 325; Conklin v Jablonski, 67 Misc 2d 86.) A precise line between a proper and an improper case for the exercise of the court’s discretion is impossible to draw. (5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.12.)
But, a decision on this ground should be made by the Judge who dismissed Royster’s claim at Small Claims Court in 1978. (See CPLR 5015, subd [a].) Accordingly, the matter is respectfully referred to the Judge who originally presided at the dismissal of Mr. Royster’s claim in Small Claims Court.