# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 34
Charlene Simmons,
     Appellant,
     v.
Trans Express Inc.,
     Respondent.

Abdul K. Hassan, for appellant.
Emory D. Moore, Jr., for respondent.

STEIN, J.:

Plaintiff commenced an action against defendant, her former employer, in a small claims part of Civil Court, seeking money damages arising out of the purported nonpayment of wages. Following a trial before a small claims arbitrator, the court awarded

- 1 -

plaintiff $1,000 "for unpd. OT," plus $20 in disbursements.[1]  After defendant satisfied the small claims judgment, plaintiff commenced this action in the United States District Court for the Eastern District of New York, seeking additional damages based on defendant's failure to pay her overtime wages in violation of federal and state law.  Defendant moved to dismiss the complaint, asserting that the prior small claims judgment barred the federal litigation under the doctrine of claim preclusion, also known as res judicata.  As relevant here, plaintiff argued that NY City Civ Ct Act § 1808 rendered claim preclusion inapplicable to small claims judgments unless the subsequent action raised exactly the same claim or theory as the earlier action.  The District Court rejected plaintiff's argument based in part on the legislative history of section 1808 (*see* 355 F Supp 3d 165, 169 [ED NY 2019]), and plaintiff appealed.  Recognizing that this Court has never provided an interpretation of section 1808, the Second Circuit certified the following question:

> "Under New York City Civil Court Act § 1808, what issue preclusion, claim preclusion, and/or res judicata effects, if any, does a small claims court's prior judgment have on subsequent actions brought in other courts involving the same facts, issues, and/or parties?  In particular, where a small claims court has rendered a judgment on a claim, does [s]ection 1808 preclude a subsequent action involving a claim arising from the same transaction, occurrence, or employment relationship?"

(955 F3d 325, 331 [2d Cir 2020]).

This Court accepted the certified question pursuant to section 500. 27 of our Rules of Practice (35 NY3d 966 [2020]).  We now conclude that, under NY City Civ Ct Act §

---

[1] The record does not provide any additional information about the specific nature of the allegations or proof supporting plaintiff's claim, or the reason(s) why she opted to commence a small claims action.

1808, small claims judgments do not have collateral estoppel or issue preclusive effect (with one exception), but such judgments may have the traditional res judicata or claim preclusive effect in a subsequent action involving a claim between the same adversaries arising out of the same transaction or series of transactions at issue in a prior small claims court action.

NY City Civ Ct Act article 18 governs small claims parts in New York City courts. Section 1808 provides that a judgment of the small claims part "shall not be deemed an adjudication of any fact at issue or found therein in any other action or court; except that a subsequent judgment obtained in another action or court involving the same facts, issues and parties shall be reduced by the amount" of the small claims judgment.[2]  Plaintiff argues that NY City Civ Ct Act § 1808 limits the preclusive effect of small claims judgments; in plaintiff's view, only those judgments resolving *the precise same claim or claims* raised in a later action may be given preclusive effect under the statute.  In that regard, plaintiff contends that, by enacting section 1808, the legislature intended to abandon our transactional approach to claim preclusion as applied to small claims judgments.  We disagree.

"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire*

---

[2] Identical language appears in each of the provisions governing small claims court in other Uniform Court Acts (*see* Uniform Justice Ct Act § 1808; Uniform Dist Ct Act § 1808; Uniform City Ct. Act § 1808) and also in separate statutes governing commercial small claims (*see* NY City Civ Ct Act § 1808-A; Uniform Dist Ct Act § 1808-A; Uniform City Ct. Act § 1808-A).

*Co.*, 93 NY2d 343, 347 [1999]; *see Matter of Reilly v Reid*, 45 NY2d 24, 28 [1978]). "One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim *between* the parties has been previously 'brought to a final conclusion'" (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 127 [2007], quoting *Parker*, 93 NY2d at 347). Importantly, the claim preclusion rule extends beyond attempts to relitigate identical claims. We have consistently applied a "transactional analysis approach" in determining whether an earlier judgment has claim preclusive effect, such that "once a claim is brought to a final conclusion, *all other claims arising out of the same transaction or series of transactions* are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981] [emphasis added]; *see e.g. Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306-307 [1929]). This rule is grounded in public policy concerns, including fairness to the parties, and is "intended to ensure finality, prevent vexatious litigation and promote judicial economy" (*Xiao Yang Chen v Fischer*, 6 NY3d 94, 100 [2005]; *see e.g. Matter of Hunter*, 4 NY3d at 269-270; *Matter of Hodes v Axelrod*, 70 NY2d 364, 372-373 [1987]).

Although the transactional approach casts a facially broad preclusive net, this Court has taken a pragmatic and flexible attitude toward claim preclusion, recognizing that the doctrine, "if applied too rigidly, could work considerable injustice" (*Matter of Reilly*, 45 NY2d at 28). Thus, to determine whether two claims arise out of the same transaction or series of transactions, we have held that courts should analyze whether the claims turn on facts that "'are related in time, space, origin, or motivation, whether they form a convenient

trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage'" (*Xiao Yang Chen*, 6 NY3d at 100-101, quoting Restatement [Second] of Judgments § 24 [2]; *see e.g. Smith v Russell Sage Coll.*, 54 NY2d 185, 192 [1981]). Ultimately, the application of the transactional approach to claim preclusion seeks to prevent litigants from taking two bites at the apple; however, "[i]n properly seeking to deny [litigants] two days in court, [we] must be careful not to deprive [them] of one" (*Matter of Reilly*, 45 NY2d at 28 [internal quotation marks and citation omitted]).

Collateral estoppel, or issue preclusion, is related to, but distinct from, the doctrine of res judicata. Collateral estoppel prevents "'a party from relitigating in a subsequent action or proceeding an *issue* clearly raised in a prior action or proceeding and decided against that party . . . whether or not the . . . causes of action are the same'" (*Parker*, 93 NY2d at 349 [emphasis added], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Schuylkill Fuel Corp.*, 250 NY at 306-307). The doctrine applies only where "the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action," and the party who is being estopped "had a full and fair opportunity to litigate the issue in the earlier action" (*Parker*, 93 NY2d at 349; *see e.g. ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208, 226 [2011]; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 69-70 [1969]). As with claim preclusion, we have similarly cautioned against the mechanical application of issue preclusion (*see e.g. Jeffreys v Griffin*, 1 NY3d 34, 41 [2003]). Considering the facts of each case, a court must examine "'the realities of litigation,' such as recognition that if the first proceeding involved trivial

stakes, it may not have been litigated vigorously" (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 153 [1988], quoting *Gilberg v Barbieri*, 53 NY2d 285, 292 [1981]). We have explained that "the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results" (*id.* at 153; *accord Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied sub nom Bain v Buechel*, 535 US 1096 [2002]).

With these well-established principles in mind, our analysis of NY City Civ Ct Act § 1808 begins with the statutory language itself because "[i]t is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the [l]egislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976] [internal citations omitted]; *see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). The first clause of section 1808 states that "[a] judgment obtained [from small claims court] shall not be deemed an adjudication *of any fact* at issue or found therein in any other action or court" (emphasis added). Inasmuch as this provision refers narrowly and specifically to "an adjudication of any fact," it is best interpreted as addressing only collateral estoppel, which—as noted above—applies to bar relitigation of facts and identical issues that were decided in earlier actions and fully and fairly litigated by the estopped party, but may not preclude relitigation of related claims (*see Ryan*, 62 NY2d at 500).

However, the remaining language of the statute introduces some ambiguity. Specifically, the second clause of section 1808 expressly provides an exception to the first clause where "a subsequent judgment obtained in another action or court involve[s] the same facts, issues and parties" as a prior small claims court action (NY City Civ Ct Act § 1808). In that circumstance, the second clause mandates that the judgment in the second action "be reduced by the amount of [the small claims] judgment" (NY City Civ Ct Act § 1808), thereby incorporating a set-off provision that would, for example, preclude plaintiffs from obtaining a double recovery in an action against one defendant for the identical damages recovered in a prior small claims action against another defendant. Plaintiff points to the reference in the second clause to "facts, issues, and parties" for the proposition that this broader language implies that section 1808 may address claim preclusion as well as issue preclusion. Stated differently, section 1808 is not a paragon of clarity.

In order to resolve ambiguity, we inquire into "the spirit and purpose of the legislation," by examining "the statutory context of the provision as well as its legislative history" (*Matter of Sutka v Conners*, 73 NY2d 395, 403 [1989]; *see New York Bankers Assn. v Albright*, 38 NY2d 430, 434 [1975]). Prior to its amendment in 2005, former NY City Civ Ct Act § 1808 provided that "[a] judgment obtained under this article may be pleaded as *res judicata* only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court" (emphasis added). Despite the reference to "res judicata," some lower courts have read the former version of section 1808 "to divest the small claims judgment of its . . . collateral estoppel or issue preclusion use" only, not its claim preclusion effect

(*Omara v Polise*, 163 Misc 2d 989, 990 [App Term, 2d Dept 1995] [internal quotation marks omitted], *see Royster v Consolidated Edison*, 114 Misc 2d 529, 531-532 [Civ Ct, NY County1982]; *see also* Siegel, New York Practice § 585 at 926 [2d ed 1991]).

Citing to these and other cases, the sponsor's memorandum in support of the 2005 amendment codifying the current version of section 1808 commented that the term res judicata was removed from the statute because it was "inapposite," inasmuch as that term "refer[red] to 'claim preclusion,' which is necessary to ensure finality of the proceeding" (*see* Sponsor's Mem, Bill Jacket, L 2005, ch 443 at 3).  Instead, "[t]he true intent of section 1808 [was] to make clear that a small claims judgment has *no collateral estoppel or 'issue preclusion'* effect in a subsequent proceeding so as to protect parties from any unforeseen consequences of the small claims proceeding," and the dual purposes of the 2005 amendment to section 1808 were to "make[] that [intent] clear and harmonize[] the statutory provisions with case law" (*id.* [emphasis added]).  Although there are other statements in the sponsor's memo that, taken out of context, might be read to imply that the legislature also intended to clarify that a small claims judgment is to have limited res judicata effect, the statutory language does not clearly reflect such an intent.  Critically, "[t]he [l]egislature is . . . presumed to be aware of the decisional . . . law in existence at the time of an enactment, and to have abrogated the common law only to the extent that the clear import of the language used in the statute requires" (*Arbegast v Board of Educ. of S. New Berlin Cent. School*, 65 NY2d 161, 169 [1985] [internal citation omitted]).  Given the equivocal text of NY City Civ Ct Act § 1808 and the legislative history of the 2005 amendment, we simply cannot conclude that the legislature intended to replace traditional

claim preclusion analysis with a narrower form of the doctrine that would apply only where a plaintiff attempted to relitigate the exact same claim previously decided in small claims court.[3]

We are mindful that, for many citizens of New York, proceedings in small claims court—a legislatively-created subpart of courts that otherwise possess broader jurisdiction—will be their sole interaction with the judicial system, often without the advantage of legal representation.  This underscores the necessity for easily comprehensible procedural rules.  Although there may well be reasonable policy arguments in favor of further limiting the preclusive effect of small claims judgments beyond the express limitations imposed by NY City Civ Ct Act § 1808, those arguments—some of which are advanced by plaintiff and accepted by the dissent—are best made to the legislature, not the courts.  As presently formulated, section 1808 abrogates only the common-law issue preclusive effect of small claims judgments (subject to the set-off provision); it does not limit the effect of claim preclusion, as we have traditionally applied that doctrine in other contexts.  Consequently, a small claims judgment may preclude a subsequent claim between the same adversaries arising out of the same transaction or series of transactions as the prior action.

---

[3] Significantly, we do not hold, as the dissent claims, that section 1808 bars "all subsequent claims arising out of the same transaction or series of transactions that were or could have been raised in the small claims action" (dissenting op at 6 ).  We conclude only that a small claims judgment may preclude a subsequent claim arising out of the same transaction or series of transactions as the prior action because section 1808 does not displace the common-law transactional approach to claim preclusion.  In addition, we have no occasion on this appeal to pass upon the interrelationship between claim preclusion and this State's permissive counterclaim rule (see dissent op at 15 n 2).

On this certified question, we do not resolve the question of whether the federal claims brought by this plaintiff are precluded by the prior small claims judgment. We leave that query to the federal courts, to be determined through application of our well-established, practical, and flexible transactional approach to claim preclusion.

Accordingly, the certified question should be answered in accordance with this opinion.

RIVERA, J. (dissenting):

The Second Circuit has certified, and we have accepted, a question which asks us to elucidate the preclusive effect of a small claims court judgment under New York City Civil Court Act § 1808 on a subsequent action brought in another court "involving the same

- 1 -

facts, issues, and/or parties" (955 F3d 325, 331 [2d Cir 2020]). The section's text, legislative history, and statutory purpose, and the small claims framework generally (intended for quick resolution of modest claims by pro se litigants) make clear that section 1808: (1) bars litigation in another court or action of an identical claim rejected on the merits in small claims court; and (2) permits subsequent litigation of a claim involving the same facts, issues, and parties which resulted in a judgment in favor of the prevailing party in the first action, but reduces any award in the second action by the amount of the small claims judgment. Preclusion is otherwise strictly prohibited.

I write separately because the majority interpretation is contrary to the legislative will, wrong on the law, and inevitably imposes a severe hardship on small claims pro se claimants—who, because they are unaware of their rights and in urgent need of money to meet their basic needs, or because they cannot afford lengthy and costly litigation, accept a quick and modest small claims payout rather than initially pursuing a larger award in another court.

I.

A.

Small claims court was designed for persons "who do[] not have an attorney and cannot afford to get involved in a long drawn-out confrontation" (*Hayden v L.I.L.C.O.*, 116 Misc 2d 445, 447 [Nassau Dist Ct 1982]). Even in their earliest manifestations, New York's small claims courts have required that "the practice and procedure . . . be simple, informal and inexpensive, for the prompt determination of" small claims (*Liberman v Am. Lumbermans Mut. Cas. Co.*, 203 Misc 816, 819 [Civ Ct, Queens County 1953]). The

purpose of the statutes that provide for small claims proceedings is, therefore, "to spare all sides the expense of an attorney" (Siegel, NY Prac § 581 [6th ed 2018]) by "operate[ing] on the basis of simplified practice . . . to do 'substantial justice'" (*Royster v Consolidated Edison*, 114 Misc 2d 529, 533 [Civ Ct, NY County 1982] [internal citation omitted]; *see also Levins v Bucholtz,* 208 Misc 597, 599 [App Term, 1st Dept 1955] ["It is thus abundantly clear that the small claims court was devised to meet courageously and effectively the challenge of the small claim. Its history manifests its underlying philosophy—quick, simple and inexpensive justice"]).

In furtherance of this purpose, article 18 of the New York City Civil Court Act provides a forum for quick resolution of claims in a small claims part of the court, with jurisdiction limited to claims involving only modest amounts of money,[1] designed for unrepresented parties with limited resources, who have the option to proceed with binding and non-appealable arbitration before a court-appointed arbitrator (*see e.g.* NY City Civ Ct Act § 1801 [defining jurisdictional amount]; *id.* § 1802 [providing for the establishment of small claims parts and requiring that they serve as "a simple, informal and inexpensive procedure for the prompt determination of such claims in accordance with the rules and principles of substantive law"]). To ensure that unrepresented lay persons understand the proceedings, the court clerk must provide "information written in clear and coherent language" concerning small claims court procedures as well as an explanation of relevant

---

[1] At the time plaintiff filed her small claims complaint, the court's jurisdiction was limited to claims of $5,000 or less. The jurisdictional maximum amount for small claims court in New York City was later raised to $10,000 (*see* NY City Civ Ct Act § 1801).

terms and procedures (*see id.* § 1803). Significantly, the court is charged with "conduct[ing] hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence" (*id.* § 1804).

Section 1808 balances the concerns of ensuring that legally unsophisticated, pro se litigants have adequate access to justice with the general need for finality in legal proceedings. Thus, section 1808 does not bar a prevailing party from seeking additional relief on the same claims resolved on the merits in the small claims action. However, the section does prevent that party from obtaining a financial windfall by "double dipping." Moreover, as explicitly contemplated by section 1808, the prevailing party may pursue in a subsequent action those claims not previously litigated, even if arising from the same transaction or series of transactions involving "the same facts, issues and parties"—albeit subject to a reduction by the amount of the small claims judgment. This ensures that the prevailing party may seek their full remedy above the jurisdictional limits of small claims court, while preventing an unfair double recovery.

## B.

Plaintiff Charlene Simmons worked for defendant Trans Express Inc. as a driver in Queens, New York from 2012 to 2013 and again from 2016 to 2018, when defendant terminated her employment. She alleges that she worked for $12.50 an hour, for 60-to-84 hours per week, five-to-seven days per week, without additional payment for overtime, as required by state and federal law. Shortly after she was fired, plaintiff filed a pro se complaint in small claims court against defendant for nonpayment of wages, requesting the

$5,000 maximum jurisdictional amount. The parties appeared before a small claims arbitrator, who awarded plaintiff $1,000, without interest, and an additional $20.00 in disbursements. The amount is approximately one to two week's pay at her regular $12.50 hourly rate, without an overtime differential.

As plaintiff argued in her brief to the Second Circuit, when "faced with the . . . immediate and complete loss of her regular . . . wages, [she] filed an action in New York City Small Claims Court." At oral argument before our Court, plaintiff's counsel confirmed that plaintiff needed the money as quickly as possible and brought the small claims action for her prospective wages—what she would have earned if she had not been fired—to address her pressing financial needs. This is, presumably, the situation facing many claimants seeking relief in small claims court and is the scenario the legislature sought to address by providing for quick, inexpensive resolution of claims for damages that, while commonly considered modest in amount, are potentially of great significance to the claimant. Indeed, it was only six weeks from the time plaintiff filed her small claims action to when she received defendant's $1,020 check. If plaintiff had proceeded in the regular part of the court, she would likely have waited much longer to resolve the dispute, at a cost potentially higher than what the claim is worth. The legislature understood that costly proceedings discourage individuals from asserting their rights and, if the parties litigate, the actions consume judicial resources in excess of the small money awards.

Plaintiff, represented by counsel, subsequently filed this action against defendant in federal district court under the federal Fair Labor Standards Act and New York's Labor Law for backpay and overtime for the hours she worked prior to her termination from

employment. Defendant moved to dismiss, arguing that the small claims judgment is res judicata and bars the claims asserted in the federal complaint. The district court granted the motion, concluding that plaintiff's claims arise from the same or related facts as those in the small claims action and, therefore, could have been raised in the prior proceeding (*Simmons v Trans Express Inc.*, 355 F Supp 3d 165, 171 [ED NY 2019]).

Upon plaintiff's appeal, the Second Circuit noted that her "textual contentions have persuasive force" because section 1808 appears to contemplate plaintiff's subsequent litigation. However, as our Court had not addressed the issue, the Second Circuit certified the question as to the preclusive effect, if any, of a small claims judgment on a subsequent action involving the same facts, issues and/or parties, especially the effect of section 1808 on a claim involving the same transaction, occurrence or employment relationship as the prior small claims judgment.

The majority correctly states that a small claims judgment has no collateral estoppel effect (majority op at 2-3). However, like the district court below, the majority misinterprets section 1808 as a bar on all subsequent claims arising out of the same transaction or series of transactions that were or could have been raised in the small claims action (*id.* at 8-9). That conclusion is contrary to the text of section 1808, its statutory context, the statute's purpose, and the very legislative history that the majority relies on (*id.* at 7-8).

## II.

As the majority acknowledges, the legislature can—and in fact did—abrogate the application of common law preclusion principles to small claims judgments (*see id.* at 8,

citing Sponsor's Mem, Bill Jacket, L 2005, ch 443 at 3). Section 1808 mandates that

> "[a] judgment obtained under this article shall not be deemed an adjudication of any fact at issue or found therein in any other action or court; except that a subsequent judgment obtained in another action or court involving the same facts, issues and parties shall be reduced by the amount of a judgment awarded under this article."

The text thus makes clear that the legislature did not codify New York's transactional res judicata doctrine but instead adopted a narrower rule designed to serve the legislature's goal of achieving substantial justice through the small claims adjudicatory framework.

The first sentence of section 1808 explicitly contemplates future litigation arising out of the same factual transactions and deprives factual adjudications in small claims court of preclusive effect in those subsequent actions. Thus, by its terms, section 1808 rejects traditional principles barring relitigation of an action arising out of the same transaction or series of transactions. The second sentence provides an exception but only as to the effect of a small claims judgment on a prevailing party's subsequent award in litigation involving the same facts, issues, and parties. Therefore, section 1808 bars only relitigation of an unsuccessful claim. A small claims adjudication has no effect on any other claim, except by way of a monetary set off against the prevailing small claimant's future award.

Nowhere does the text of section 1808 indicate that the transactional approach to res judicata applies. To the contrary, as the majority acknowledges, section 1808 is designed to ensure that parties are not subject to unforeseen consequences of a small claims proceeding (majority op at 8, citing Sponsor's Mem, Bill Jacket, L 2005, ch 443 at 3). If, as the majority asserts, the legislature meant for traditional res judicata rules to apply to

small claims court judgments, it would have said so explicitly (*see Cruz v TD Bank, N.A.*, 22 NY3d 61, 72 [2013] ["Put another way, if the legislature had intended to impose" a particular limitation, "it would have said so in the statute"]).

Although the majority invokes "statutory context" (majority op at 7), its analysis of that context is mistaken. The statutory framework provides that the small claims court "shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence" and that, instead, the small claims court "shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law" (NY City Civ Ct Act § 1804). Thus, the majority's assertion that the legislature did not "intend[] to replace traditional claim preclusion analysis" (majority op at 8-9) is a non sequitur, as that analysis has simply never been imported into the statutory framework of article 18. Instead, the legislature adopted a limited preclusion rule designed to further the substantial justice goals of small claims proceedings.

Additionally, section 1808 works in tandem with section 1810 and together they define the contours of a severely limited statutory restriction on future litigation, a fact unaddressed by the majority. Section 1810 provides,

> "If the clerk shall find that the procedures of the small claims part are sought to be utilized by a claimant for purposes of oppression or harassment, as where a claimant has previously resorted to such procedures on the same claim and has been unsuccessful after the hearing thereon, the clerk may in [their] discretion compel the claimant to make application to the court for leave to prosecute the claim in the small claims part. The court upon such application may inquire into the circumstances and, if it shall find that the claim has already been adjudicated, or that the claim is sought to be brought on solely for purposes of oppression or harassment and not under color of right, it may

> make an order denying the claimant the use of the small claims
> part to prosecute the claim."

This language confirms that the legislature was concerned with the relitigation of unsuccessful claims and the misuse of the small claims forum for purposes of harassment, not with barring litigation of claims that were never asserted in small claims court or with relitigation of claims to obtain compensation up to the full measure provided by law (*see* Siegel, NY Prac § 585 [6th ed 2018] ["The small claims part has from time to time been used to harass a defendant with repetitious suits on the same dispute despite the claimant's prior losses . . . A statute, section 1810 in the lower court acts, was passed to meet the problem"]).

The legislative history supports this interpretation. Prior to 2005, section 1808 provided, "A judgment obtained under this article may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court." In 2005, the legislature amended section 1808 to clarify that small claims judgments have limited preclusive effect. The Memorandum in Support of the Amendment explains,

> "Section 1808 of the New York City Civil Court Act and the other Uniform Court Acts currently provides that a small claims judgment may be pleaded as res judicata only as to the amount involved in the particular action and is not otherwise an adjudication of any fact at issue or found in the small claims proceeding in any other action or court. The use of the term 'res judicata' is, however, inapposite. That term refers to 'claim preclusion,' which is necessary to ensure finality of the proceeding. The courts have consistently held that a small claims judgment is res judicata when the same claim is filed in another court. The true intent of section 1808 is to make clear that a small claims judgment has no collateral estoppel or

'issue preclusion' effect in a subsequent proceeding so as to protect the parties from any unforeseen consequences of the small claims proceeding. This amendment to section 1808 makes that clear and harmonizes the statutory provision with case law" (Sponsors Mem, Bill Jacket, L 2005, ch 443 at 3 [citations omitted]).

The supporting memorandum makes clear that the term "res judicata" was "inapposite," not for the reasons suggested by the majority, but because the prior version of the statute unartfully used the term to refer to issue preclusion. The memorandum explains that the amendment corrects that misusage and clarifies that a small claims court judgment has no issue preclusive (or collateral estoppel) effect.

The memorandum also demonstrates that the amendment "harmonizes the statutory provision with the case law." The cases cited in the memorandum make plain what the legislature understood the courts to have "consistently held" concerning the claim preclusive effect of a small claims judgment. For instance, in *64 W. Park Ave. Corp. v Parlong Realty Corp.* (77 Misc 2d 1019 [Sup Ct, Nassau County 1974]), Supreme Court held that the small claims judgment dismissing a counterclaim was a bar only to the *same* claims asserted in a subsequent action. "There being a lack of identity in causes of action," the small claims judgment "dismissing the counterclaim is not a res judicata bar to the first cause of action here. In contra-distinction, the second and third causes of action here are virtual carbon copies of the [small claims court] counterclaim" (*id.* at 1022 [internal citations omitted]; *see also* NY Prac § 585 at 926 [2d ed 1991] [citing *64 W. Park* for the proposition that "res judicata . . . is the relevant doctrine . . . *when the claim is the same*"] [emphasis added]).

The holding in *64 W. Park* clarifies that the form of res judicata applicable to small claims court judgments is simply *not* the traditional variant advocated by the majority. The court there expressly permitted litigation of claims in a subsequent action—notwithstanding that those claims arose out of the same transaction as the claims brought in the first action—for the sole reason that the claims were not identical (*id.*). As the majority recognizes, the legislature is presumed to be aware of the decisional law in existence at the time of enactment (*see* majority op at 8, citing *Arbegast v Bd. of Educ. of S. New Berlin Cent. School*, 65 NY2d 161, 169 [1986]). Indeed, here, there is no need to presume, as the legislature's explicit citation to *64 Park West* as an example of what the courts had "consistently held" reveals that the legislature understood the res judicata effect of small claims judgments far more narrowly than the majority does, as do the rest of the legislature's citations (*see e.g. Omara v Polise*, 163 Misc 2d 989, 990 [App Term, 2d Dept 1995] ["If plaintiff loses the small claims suit to defendant, the loss precludes plaintiff from suing defendant for the same cause again even in the regular part of the court. The attempt to duplicate the claim in full made it a 'res judicata' ('claim preclusion') situation, and the second action would be barred"]; *Hayden*, 116 Misc 2d at 451-452 [characterizing res judicata as "the well settled doctrine of law that a judgment acts to bar subsequent action raising the same cause of action" and noting that, under section 1808, "the small claims action is an adjudication as to the amount, not of any facts at issue"]; *Royster*, 114 Misc 2d at 532 [former Appellate Division Justice David B. Saxe, then a Civil Court Judge, holding that, because the small claims plaintiff sought "to duplicate the claim in full and therefore its relitigation" in Civil Court, the claim was barred by res judicata in accordance with

section 1808]; *Rosen v Parking Garage*, 40 Misc 2d 178, 179 [Civ Ct, Bronx County 1963] [holding that a small claims judgment in favor of the defendant is a res judicata bar to the small claims plaintiff's subsequent action on the same claim in the regular division of the Civil Court]).

Moreover, apart from *64 W. Park*, the legislature's citations are to cases in which plaintiffs *lost* in small claims court before attempting to bring the *same* claim in a subsequent action. In those cases, the courts determined that res judicata barred the subsequent suit. The legislature's approving citation to these cases as the consistent holding of the New York courts underscores that, irrespective of the majority's view of those cases, the legislature understood res judicata—both before and after the 2005 amendment—to preclude only those claims identical to the ones that plaintiffs lost in small claims court (*see Omara*, 163 Misc 2d at 990 ["If plaintiff loses the small claims suit to defendant, the loss precludes plaintiff from suing defendant for the same cause again even in the regular part of the court"]; *Royster*, 114 Misc 2d 529, 531 [Civ. Ct. 1982] ["(I)f a plaintiff loses a small claims suit to a defendant, that loss precludes the plaintiff from suing the defendant for the same thing again even in the regular day session of the court"]; *Rosen*, 40 Misc 2d at 178-79 [holding that res judicata applied because "in the Small Claims Part of this court, the defendant was awarded judgment after trial before a Judge of this court"]).

The amendment thus left intact the consistent holding of the New York courts that, in the context of small claims actions, res judicata applies only "when the *same* claim is filed in another court" by the losing small claimant (Sponsors Mem, Bill Jacket, L 2005,

ch 443 at 3 [emphasis added]). The majority displaces the legislative understanding of this case law in favor of its own.

III.

Notwithstanding the majority's selective references to the legislative history and the unsupported spin on the legislature's intent, it is clear that a small claims judgment has very limited preclusive effect in a subsequent action. That narrow bar makes perfect sense because, as discussed, the small claims statutory framework provides an easy and quick resolution of claims involving relatively small amounts of money for pro se claimants with limited resources, without foreclosing access to the courts to seek additional monetary and equitable relief.

The majority's interpretation ignores this protective aspect of the small claims framework. Under the majority's reading of section 1808, the small claims judgment is a pyrrhic victory, as the prevailing party, like plaintiff here, secures an immediate small award but forfeits a larger remedy. This is a particularly troubling result given that the small claims court could not have awarded the larger sum sought by plaintiff in her federal action. It is no answer that a party can simply pursue all claims in another court and thereby avoid the preclusive effect of a small claims judgment. That presumes that the party knows their options and is aware that they have claims for larger amounts of money—unlikely if they are unrepresented and, due to exigency, have resorted to small claims court.

Notably, under the majority's interpretation, defendant (and other similarly positioned parties) escapes liability for alleged federal and state labor law violations. A thousand dollars is a small price to pay to avoid two years of unpaid overtime at time-and-

a-half. In contrast, the majority's rule deprives plaintiff of the full worth of her legal claims simply because she took advantage of a legal mechanism intended to benefit pro se litigants like her. The legislature certainly did not intend to set such a trap for the unwary nor to penalize a party with limited resources in dire need of the funds allegedly owed, all while allowing a defendant to avoid the full cost of its alleged violations.

IV.

Based on the text, purpose, and legislative history, section 1808 is properly understood to provide that a claim is precluded in a subsequent action when that claim is identical to the one asserted in the first action and was actually resolved against the plaintiff on the merits. With that exception, the parties are not barred from litigating other claims arising from the same facts in another court or action, but any future award is reduced by the amount of the small claims judgment. For example, if *P* sues *D* in small claims court and obtains a $2,000 judgment, and thereafter *P* sues *D* in federal court on the same cause of action but for $100,000, the potential recovery in the latter action would be limited to $98,000 (i.e., $100,000 - $2,000). However, if *P* lost the small claims action, *P* cannot recover in federal court. This prevents *P* from getting two bites at the apple while also allowing *P* to seek monetary recovery to the full extent provided by law. And *D* is exposed to no greater legal liability than if *P* had initially commenced an action in a court without a jurisdictional dollar limit. Nor is *D* disadvantaged in pursuing its own claims. Thus, if *D* sues *P* in federal court for what would have been a counter claim arising from the same facts as *P*'s small claims action, any facts adjudicated in the small claims proceeding are not given issue preclusive effect in federal court, and *D* is not subject to a reduction in any

federal judgment awarded in *D*'s favor. Also, if *P* successfully counterclaims in *D*'s action, based on the same claim adjudicated in the small claims action, *P*'s award will be reduced by $2,000.[2]

That is what the legislature intended. The majority has disrupted that carefully balanced approach by misinterpreting section 1808. Now, it is for the legislature to take corrective action. Otherwise, individuals like plaintiff will find little substantial justice in small claims—or any other court.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by the Court pursuant to section 500.27 of this Court's Rules of Practice, certified question answered in accordance with the opinion herein. Opinion by Judge Stein. Chief Judge DiFiore and Judges Fahey and Garcia concur. Judge Rivera dissents in an opinion, in which Judge Wilson concurs.

Decided June 3, 2021

---

[2] Although a corporate defendant like Trans Express, Inc. could not assert a counterclaim in small claims court, the majority's interpretation of section 1808 appears to impose a mandatory counterclaim requirement on other defendants, in contravention of section 1805 (c), which allows but does not require the opposing party to file a counterclaim.